


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-112-T-33-TGW
 18 U.S.C. § 1709
ARTURO RAMON MALDONADO  18 U.S.C. § 1708

## INFORMATION

The United States Attorney charges:

### COUNT ONE

In or about February of 2016, in the Middle District of Florida, the defendant,

ARTURO MALDONADO,

while being a Postal Service employee, did embezzle any letter, package, and mail, and any article and thing contained therein, entrusted to him and which came into his possession intended to be conveyed by mail, and carried and delivered by a carrier and other person employed in any department of the Postal Service, and forwarded through and delivered from any post office, and did steal, abstract, and remove from any such letter, package, mail, and any article and thing contained therein, specifically a Wal-Mart gift card.

In violation of Title 18, United States Code, Section 1709.

## COUNT TWO

On or about February 24, 2016, in the Middle District of Florida, the defendant,

## ARTURO MALDONADO,

did conceal and unlawfully have in his possession any letter, package, and mail, and any article and thing contained therein, specifically, a card sent from A.L.F., which had been stolen, taken, embezzled and abstracted from a post office and mail route, knowing the said package and mail, and any article and thing contained therein, to have been stolen, taken, and embezzled.

In violation of Title 18, United States Code, Section 1708.

## FORFEITURES

1. The allegations contained in Count Two of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of a violation of Title 18, United States Code, Section 1708, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A. LEE BENTLEY, III
United States Attorney

By: *[signature]*
Gregory T. Nolan
Assistant United States Attorney

By: *[signature]* Muldrow for:
Cherie L. Krigsman
Assistant United States Attorney
Deputy Chief, Major Crimes Section

3